IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

JOSHUA DETHERAGE,

Plaintiff,

v. CV 124-034

JOHN E. TRIPLETT and ELIZABETH N. SLATER,

Defendants.

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, proceeding *pro se* and incarcerated at Great Plains Correctional Center in Hinton, Oklahoma, filed this case pursuant to 42 U.S.C. § 1983. The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A(b); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*). Upon review of Plaintiff's complaint, (doc. no. 1), and motion to proceed *in forma pauperis*, (doc. no. 4), the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** as frivolous and for failure to state a claim upon which relief may be granted, Plaintiff's motion to proceed *in forma pauperis* be **DENIED AS MOOT**, (doc. no. 4), and that this civil action be **CLOSED**. Nonetheless, the Court permits Plaintiff to proceed *in forma pauperis* for the purpose of dismissal.

# I. SCREENING THE COMPLAINT

## A. BACKGROUND

In his complaint, Plaintiff names John E. Triplett and Elizabeth N. Slater, Clerk and Chief Deputy Clerk, respectively, of this Court. (Doc. no. 1, p. 1.) However, other than listing Mr. Triplett and Ms. Slater as Defendants in the caption of his complaint, Plaintiff makes no further mention of them anywhere in his complaint, and it appears Plaintiff intended to address the complaint to them rather than bring claims against them. (See generally id.) Plaintiff's complaint, which lists the "Pottawatomi District of Oklahoma" as the District Court in which he intends to bring suit, consists of eight pages of rambling, disjointed, and incoherent allegations haphazardly covering nearly every inch of the complaint form. (See id. at 1-5, 7-8.) To the extent the Court can discern the substance of Plaintiff's complaint, he appears to allege assorted acts of misconduct by prison officials, various acts of sexual abuse against himself and unidentified children, scandals and cover-ups involving public officials, copyright violations, and other indiscernible issues. (See generally id.) Moreover, none of Plaintiff's allegations appear to concern events happening outside of Oklahoma. (Id.) For relief, Plaintiff requests the arrest of several named and unnamed individuals not listed as Defendants, "help," and "due process proceeding." (Id. at 5.)

## B. DISCUSSION

### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325

(1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

**2. Plaintiff's Complaint Is Frivolous and Fails to State a Claim**

As discussed above, Plaintiff fails to connect the named Defendants with any allegation of wrongdoing and his complaint consists entirely of incoherent, rambling, and delusional allegations. Plaintiff's factual and legal claims "lack[] an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325, 327. Thus, Plaintiff's complaint is frivolous and fails to state a claim for relief that is plausible on its face. See Iqbal, 556 U.S. at 678; Denton v. Hernandez, 504 U.S. 25, 32-33 ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." (internal citations omitted)); Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Moreover, given the patent frivolity of Plaintiff's complaint, the Court finds it would be futile to require Plaintiff to amend his complaint. See Jeffus v. Mahl, No. 22-12040, 2024 WL 832295, at *2 (11th Cir. Feb. 28, 2024) (*per curiam*) ("[T]he court need not grant a plaintiff leave to amend his complaint when further amendment would be futile. Leave to amend is futile when the complaint as amended would still be dismissed. The question in such cases is not whether the plaintiff has stated a claim, but instead, 'when all is said and done, he can do so.'" (citations omitted) (quoting Silberman v. Miami Dade Transit, 927 F.3d 1123, 1133 (11th Cir. 2019))). As such, Plaintiff's complaint should be dismissed.

**II. CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** as frivolous and for failure to state a claim upon which relief may

be granted, Plaintiff's motion to proceed *in forma pauperis* be **DENIED AS MOOT**, (doc. no. 4), and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 30th day of April, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA